

Jennifer B. Furey
jfurey@goulstonstorrs.com
(617) 574-3575 (tel)
(617) 574-4112 (fax)

January 20, 2025

**VIA ELECTRONIC MAIL (newcases@ca2.uscourts.gov; civilcases@ca2.uscourts.gov)**

United States Court of Appeals for the Second Circuit
Clerk's Office – Case Initiation and Civil Appeals
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  **Re:**  *Eletson Holdings Inc., et al,*
     **Case No. 24-cv-08672-LJL; [rel. 23-cv-07331-LJL; 24-cv-05096-LJL]**

Dear Clerk's Office:

  We represent Eletson Holdings Inc. ("EHI"), the purported Appellant, in connection with the above-referenced case before Judge Lewis J. Liman in the United States District Court for the Southern District of New York (the "District Court Case"). On December 30, 2024, Judge Liman entered an order dismissing the District Court Case with prejudice. [Case No. 24-cv-08672-LJL, Dkt. No. 20] (the "Dismissal Order").

  On January 16, 2025, two attorneys that have <u>not</u> been retained by EHI filed appearances in the District Court Case [Dkt Nos. 22 and 23] and also filed a Notice of Appeal, which purports to appeal the Dismissal Order. [Dkt. No. 24] (the "Notice of Appeal").

  This unauthorized Notice of Appeal has not been docketed by this Court.

  Accordingly, pursuant to Federal Rule of Appellate Procedure Rule 42(a)[1], all parties to the District Court Case entered into a Stipulation of Dismissal, seeking dismissal of the purported appeal to this Court pursuant to the Notice of Appeal. [Dkt. No. 30] (the "Stipulation of Dismissal").

  Additionally, Appellant and Appellees have filed a joint motion seeking an order (I) striking the unauthorized filings, (II) dismissing the purported appeal of the Order of Dismissal (which was not authorized by EHI), and/or (III) displacing the purported attorneys (who are not authorized to represent EHI). [Dkt. Nos. 27-29] (the "Joint Motion").

---

[1] Federal Rule of Appellate Procedure 42(a) provides: "Before an appeal has been docketed by the circuit clerk, the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties."

January 20, 2025
Page 2

In light of the matters pending before Judge Liman, purported Appellant EHI respectfully requests that this Court and your Office refrain from taking any action to docket the purported appeal until after Judge Liman has opportunity to act on the Stipulation of Dismissal and/or the Joint Motion.

A copy of the Stipulation of Dismissal is attached hereto as **Exhibit A**, and a copies of the Joint Motion papers (*i.e.*, Notice of Motion, Memorandum and Spears Declaration) are attached hereto as **Exhibit B**.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Jennifer B. Furey*

Jennifer B. Furey

cc:     All Counsel of Record in the District Court Case (via email)

Michael S. Lazaroff (via email)
Anthony C. Acampora (via email)
Louis M. Solomon (via email)
Colin A. Underwood (via email)

## Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                        :
In re:                                  :          Chapter 11
                                        :
ELETSON HOLDINGS INC., et al.,          :          Case No.: 24-cv-08672-LJL
                                        :                  [rel. 23-cv-07331-LJL;
                        Debtors.[1]     :                  24-cv-05096-LJL]
                                        :
-----------------------------------------------------------------x

## STIPULATION AND AGREEMENT TO DISMISS APPEAL UNDER RULE 42(A) OF THE FEDERAL RULES OF APPELLATE PROCEDURE

WHEREAS Appellant Eletson Holdings Inc. ("Appellant"), and certain of its affiliated entities (collectively, the "Debtors") are debtors and debtors-in-possession in the case *In re Eletson Holdings Inc., et al.*, Case No. 23-10322 (JPM), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

WHEREAS on October 25, 2024, the Bankruptcy Court issued a Memorandum Opinion and Order (the "Confirmation Ruling") confirming the *Revised Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Bankr. Dkt. No. 1132] (the "Plan"), which had been proposed by Appellees in the above-captioned appeal and had been supported by the Official Committee of Unsecured Creditors of Eletson Holdings Inc., et al. (the "Committee").[2]

---

[1]  The Debtors in these chapter 11 cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC.

[2]  The Petitioning Creditors in these chapter 11 cases are Pach Shemen LLC, VR Global Partners, L.P., Alpine Partners (BVI), L.P., Gene B. Goldstein, In His Capacity as Trustee of the Gene B. Goldstein and Francine T. Goldstein Family Trust, Mark Millet, In His Capacity as Trustee of the Mark E. Millet Living Trust, Mark Millet, In His Capacity as Trustee of the Millet 2016 Irrevocable Trust, Robert Latter, Tracy Lee Gustafson, Jason Chamness, and Ron Pike ("Appellees").

WHEREAS on November 4, 2024, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Petitioning Creditors' Amended Joint Chapter 11 Plan of Eletson Holdings Inc. and its Affiliated Debtors* [Bankr. Dkt. No. 1223] (the "Confirmation Order").

WHEREAS on November 7, 2024, the Debtors filed the *Debtors' Notice of Appeal of Confirmation Opinion*. [Bankr. Dkt. No. 1233].

WHEREAS on November 19, 2024 (the "Effective Date"), the Plan became effective in accordance with the terms set forth in the Plan (*see Notice of (I) the Occurrence of the Effective Date and (II) Final Deadlines for Filing Certain Claims* [Bankr. Dkt. No. 1258]).

WHEREAS on the Effective Date, in accordance with Section 12.11 of the Plan and Paragraph 8 of the Confirmation Order, Eletson Finance (US) LLC and Agathonissos Finance LLC were deemed dissolved without further action under applicable law, regulation, order, or rule, such that the only remaining Appellant in the above-captioned appeal is Eletson Holdings Inc.

WHEREAS under Section 10.6 of the Plan, upon the Effective Date, "[a]ny Professionals retained by the Debtors will not be considered employed by Reorganized Holdings absent execution of a new engagement letter for services rendered after the Effective Date."

WHEREAS on November 22, 2024, the law firm of Goulston & Storrs PC filed a Notice of Appearance on behalf of Appellant. [Dkt. No. 7].

WHEREAS, on November 22, 2024, the Committee filed a notice of appearance. [Dkt. Nos. 4, 5 and 6].

WHEREAS on November 25, 2024, Appellant, Appellees and the Committee filed that certain *Stipulation and Agreement to Dismiss Appeal Under Rule 8023 of The Federal Rules of Bankruptcy Procedure* [Dkt. No. 9] (the "Stipulation of Dismissal").

WHEREAS on December 30, 2024, the Court entered an order endorsing the Stipulation of Dismissal [Dkt. No. 20] (the "Dismissal Order"), dismissing this appeal with prejudice.

WHEREAS other than this appeal (which this Court ordered to be dismissed with prejudice), no other appeal of the Confirmation Order is outstanding and the time to file an appeal of that order has lapsed.

WHEREAS on January 16, 2025, two attorneys from Rimon, P.C. filed Notices of Appearance purportedly on behalf of Appellant [Dkt Nos. 22 and 23]; however, Appellant has not retained Rimon, P.C. and has not authorized these attorneys to appear on its behalf (in this Appeal or otherwise).

WHEREAS on January 16, 2025, Rimon, P.C. and Reed Smith LLP together filed a Notice of Appeal seeking to appeal the Dismissal Order (the "Notice of Appeal") [Dkt. No. 24] purportedly on behalf of Appellant (in the case of Rimon, P.C.) and "Appellants" (in the case of Reed Smith LLP); however, Appellant has not sought to appeal the Dismissal Order and has not authorized either firm to file the Notice of Appeal.

WHEREAS contemporaneously herewith, Appellant and Appellees are jointly moving for an order (I) striking the unauthorized notices of appearance [Dkt. Nos. 22 and 23] and Notice of Appeal [Dkt. No. 24], (II) dismissing the purported appeal of the Dismissal Order (which was not authorized by Appellant), and/or (III) displacing the purported attorneys (who are not authorized to represent Appellant).

WHEREAS the purported appeal has not been docketed with the United States Court of Appeals for the Second Circuit.

WHEREAS all parties to the purported appeal seek to dismiss the purported appeal and have all signed this stipulation.

IT IS HEREBY AGREED AND STIPULATED by and between Appellant, Appellees, and the Committee that, pursuant to Rule 42(a) of the Federal Rules of Appellate Procedure, the purported appeal is voluntarily dismissed with prejudice.  Appellant shall bear the costs, expenses and fees of the Committee (subject to the Bankruptcy Court application and approval process, to the extent required), and all other parties shall bear their own costs.

*[Remainder of the page intentionally left blank.]*

Dated: January 20, 2025
　　　　New York, New York

G. Eric Brunstad, Jr.
Stephen D. Zide
David A. Herman
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036-6797
stephen.zide@dechert.com
david.herman@dechert.com
owen.haney@dechert.com
Tel: (212) 698-3500
Fax: (212) 698-3599

*Counsel to the Official Committee of
Unsecured Creditors*

January 20, 2025
New York, New York

Kyle J. Ortiz
Bryan M. Kotliar
Jared C. Borriello
TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
New York, NY 10119
kortiz@teamtogut.com
bkotliar@teamtogut.com
jborriello@teamtogut.com
Tel: (212) 594-5000

*Counsel to the Appellees Pach Shemen LLC,
VR Global Partners, L.P., Alpine Partners
(BVI), L.P., Gene B. Goldstein, In His
Capacity as Trustee of the Gene B. Goldstein
and Francine T. Goldstein Family Trust,
Mark Millet, In His Capacity as Trustee of the
Mark E. Millet Living Trust, Mark Millet, In
His Capacity as Trustee of the Millet 2016
Irrevocable Trust, Robert Latter, Tracy Lee
Gustafson, Jason Chamness, and Ron Pike*

January 20, 2025
Boston, Massachusetts

Jennifer B. Furey (admitted pro hac vice)
GOULSTON & STORRS PC
One Post Office Square, 28th Floor
Boston, MA 02109
jfurey@goulstonstorrs.com
Tel: (617) 574-3575

Nicholas Cutaia
GOULSTON & STORRS PC
730 Third Avenue, 12th Floor
New York, New York 10022
ncutaia@goulstonstorrs.com
Tel: (212) 878-5065

*Counsel to the Appellant
Eletson Holdings Inc.*

5

**<u>Exhibit B</u>**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
                                          :
ELETSON HOLDINGS INC., et al.,            :        Chapter 11
                                          :
                                          :        Case No.:  24-cv-08672-LJL
                      Debtors,[1]         :            [rel. 23-cv-07331-LJL;
                                          :            24-cv-05096-LJL]
--------------------------------------------------------------x

### NOTICE OF JOINT MOTION OF APPELLANT AND APPELLEES TO ENTER AN ORDER (I) STRIKNG THE UNAUTHORIZED FILINGS (DKT. NOS. 22, 23 AND 24), (II) DISMISSING THE PURPORTED APPEAL, AND/OR (III) ORDERING THE DISPLACEMENT OF THE PURPORTED ATTORNEYS

PLEASE TAKE NOTICE that upon the accompanying (i) Declaration of Adam Warren
Spears dated January 20, 2025, (ii) Memorandum of Law dated January 20, 2025 (the
"Memorandum")[2], and all prior proceedings in this action, Appellant Eletson Holdings Inc.
("Appellant")[3] and Pach Shemen LLC, VR Global Partners, L.P., Alpine Partners (BVI), L.P.,
Gene B. Goldstein, In His Capacity as Trustee of the Gene B. Goldstein and Francine T. Goldstein
Family Trust, Mark Millet, In His Capacity as Trustee of the Mark E. Millet Living Trust, Mark
Millet, In His Capacity as Trustee of the Millet 2016 Irrevocable Trust, Robert Latter, Tracy Lee
Gustafson, Jason Chamness, and Ron Pike (collectively, the "Appellees"), by and through their
respective undersigned counsel, will move the Court before the Honorable Lewis J. Liman, United
States District Court Judge, Southern District of New York, at the Thurgood Marshall Courthouse,

---

[1]     The Debtors in these chapter 11 cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and
        Agathonissos Finance LLC.

[2]     Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the
        Memorandum.

[3]     On November 19, 2024 (the effective date of the confirmed Plan), in accordance with Section 12.11 of the
        Plan and Paragraph 8 of the Confirmation Order, Eletson Finance (US) LLC and Agathonissos Finance LLC
        were deemed dissolved without further action under applicable law, regulation, order, or rule, such that the
        only remaining Appellant in this appeal is EHI.

40 Foley Square, New York, NY 10007, Courtroom 15C, on such date and at such time as the

Court may direct, for an order (I) pursuant to the Court's "inherent authority to strike any filed

paper which it determines to be abusive or otherwise improper under the circumstances,"[4] striking

from the docket in this action three unauthorized filings made on January 16, 2025: (i) a Notice of

Appearance by Anthony Charles Acampora purportedly on behalf of EHI (Dkt. No. 22), (ii) a

Notice of Appearance by Michael S. Lazaroff purportedly on behalf of EHI (Dkt. No. 23), and (iii)

a Notice of Appeal purportedly on behalf of EHI, Eletson Finance (US) LLC and Agathonissos

Finance LLC (Dkt. No. 24) (collectively, the "Unauthorized Filings"), (II) pursuant to Federal

Rules of Appellate Procedure Rule 42(a), dismissing the purported appeal of this Court's Order of

Dismissal (as defined in the Memorandum) (which was not authorized by Appellant), (III)

pursuant Local Civil Rule 1.4, displacing the purported attorneys (who are not authorized to

represent Appellant), and/or (IV) granting such other and further relief as the Court deems just and

proper under the circumstances.

      PLEASE TAKE FURTHER NOTICE that, pursuant to Local Civil Rule 6.1, answering

papers, if any, shall be served and filed within fourteen (14) days hereof.


Dated: January 20, 2025

                        */s/ Jennifer B. Furey*
                        Jennifer B. Furey (admitted *pro hac vice*)
                        GOULSTON & STORRS PC
                        One Post Office Square, 28th Floor
                        Boston, MA 02109
                        jfurey@goulstonstorrs.com
                        Tel: (617) 574-3575

---

[4]    *Nat. Res. Def. Council, Inc., v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 116 (S.D.N.Y. 2012) (internal quotations omitted).

Nicholas Cutaia
GOULSTON & STORRS PC
730 Third Avenue, 12th Floor
New York, New York 10022
ncutaia@goulstonstorrs.com
Tel: (212) 878-5065

*Attorneys for Appellant Eletson Holdings Inc.*

Dated: January 20, 2025

/s/ Kyle J. Ortiz
Kyle J. Ortiz
Bryan M. Kotliar
Jared C. Borriello
TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
New York, NY 10119
kortiz@teamtogut.com
bkotliar@teamtogut.com
jborriello@teamtogut.com
Tel: (212) 594-5000

*Counsel to the Appellees Pach Shemen LLC, VR
Global Partners, L.P., Alpine Partners (BVI), L.P.,
Gene B. Goldstein, In His Capacity as Trustee of
the Gene B. Goldstein and Francine T. Goldstein
Family Trust, Mark Millet, In His Capacity as
Trustee of the Mark E. Millet Living Trust, Mark
Millet, In His Capacity as Trustee of the Millet 2016
Irrevocable Trust, Robert Latter, Tracy Lee
Gustafson, Jason Chamness, and Ron Pike*

## <u>CERTIFICATE OF SERVICE</u>

     I, Jennifer B. Furey, certify that on January 20, 2025, I caused the foregoing Notice of Motion to be filed with the Clerk of the Court and served on all counsel of record by electronic delivery via the ECF system.

*/s/ Jennifer B. Furey*
Jennifer B. Furey

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                        :

ELETSON HOLDINGS INC., et al.,       :        Chapter 11
                                          :
                                          :        Case No.:  24-cv-08672-LJL
                     Debtors,[1]     :            [rel. 23-cv-07331-LJL;
                                            :            24-cv-05096-LJL]
----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## JOINT MOTION OF APPELLANT AND APPELLEES
## TO ENTER AN ORDER (I) STRIKNG THE UNAUTHORIZED FILINGS
## (DKT. NOS. 22, 23 AND 24), (II) DISMISSING THE PURPORTED APPEAL, AND/OR
## (III) ORDERING THE DISPLACEMENT OF THE PURPORTED ATTORNEYS

**GOULSTON & STORRS PC**

Jennifer B. Furey (admitted *pro hac vice*)
One Post Office Square, 28th Floor
Boston, MA 02109
jfurey@goulstonstorrs.com
Tel: (617) 574-3575

Nicholas Cutaia
730 Third Avenue, 12th Floor
New York, New York 10022
ncutaia@goulstonstorrs.com
Tel: (212) 878-5065

*Attorneys for Eletson Holdings Inc.*

**TOGUT, SEGAL & SEGAL LLP**

Kyle J. Ortiz
Bryan M. Kotliar
Jared C. Borriello
One Penn Plaza
New York, NY 10119
kortiz@teamtogut.com
bkotliar@teamtogut.com
jborriello@teamtogut.com
Tel: (212) 594-5000

*Counsel to the Appellees Pach Shemen
LLC, VR Global Partners, L.P., Alpine
Partners (BVI), L.P., Gene B. Goldstein,
In His Capacity as Trustee of the Gene B.
Goldstein and Francine T. Goldstein
Family Trust, Mark Millet, In His
Capacity as Trustee of the Mark E. Millet
Living Trust, Mark Millet, In His Capacity
as Trustee of the Millet 2016 Irrevocable
Trust, Robert Latter, Tracy Lee
Gustafson, Jason Chamness, and Ron
Pike*

---

[1]     The Debtors in these chapter 11 cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT / BACKGROUND ...................................................... 1

ARGUMENT ................................................................................................................ 2

    I.     THE COURT SHOULD STRIKE THE UNAUTHORIZED FILINGS ............... 2

    II.    THE COURT SHOULD DISMISS THE PURPORTED APPEAL ...................... 5

    III.   THE COURT SHOULD ORDER THE DISPLACEMENT OF THE
           PURPORTED ATTORNEYS AS COUNSEL OF RECORD FOR EHI IN
           THIS MATTER .................................................................................................. 6

CONCLUSION ............................................................................................................. 7

# TABLE OF AUTHORITIES

Page(s)

<u>**Cases**</u>

*Aasir Azzarmi V. Sedgwick Claims Management Services, Inc., et al.*,
  No. 20-CV-9155 (KMK), 2025 WL 35003 (S.D.N.Y. Jan. 6, 2025) ......................................... 2

*Carroll v. Trump*, 88 F.4th 418 (2d Cir. 2023) ................................................................................ 2

*Goodyear Tire & Rubber Co. v. Haeger*,
  581 U.S. 101 (2017) ........................................................................................................................ 5

*Gortat v. Capala Bros.*,
  2008 WL 5273960 (E.D.N.Y. Dec. 18, 2008) .............................................................................. 2

*In re Markus*,
  78 F.4th 554 (2d Cir. 2023) ........................................................................................................... 5

*Johnson v. Adams*,
  2010 WL 2926015 (E.D. Ark. July 21, 2010) .............................................................................. 6

*Leonhard v. United States*,
  633 F.2d 599 (2d Cir. 1980) .......................................................................................................... 2

*Link v. Wabash R. Co.*,
  370 U.S. 626 (1962) ....................................................................................................................... 5

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*,
  2015 WL 4757601 (S.D.N.Y. Aug. 12, 2015) .............................................................................. 2

*Nolan v. Cabell*,
  2021 WL 12321443 (E.D. Va. Sept. 14, 2021) ............................................................................ 6

*Penzo v. Consol. Edison Co. of New York, Inc.*,
  2024 WL 3824072 (S.D.N.Y. Aug. 15, 2024) .............................................................................. 2

*SGM Holdings LLC v. Andrews*,
  2024 WL 3674820 (S.D.N.Y. Aug. 2, 2024) ................................................................................ 5

*U.S. Food & Drug Admin.*,
  884 F. Supp. 2d 108 (S.D.N.Y. 2012) ................................................................................ 1, 2, 4

*United States v. Persico*, No.,
  2012 WL 13122783 (E.D.N.Y. May 15, 2012) ......................................................................... 2-3

*United States v. Prevezon Holdings Ltd.*,
    839 F.2d 227 (2d Cir. 2016) ........................................................................ 5

*United States v. Rodgers*,
    101 F.3d 247 (2d Cir. 1996) ........................................................................ 2

*United States v. Salerno*,
    868 F.2d 524 (2d Cir. 1989) ........................................................................ 3

*Williams v. United States*,
    553 F.2d 420 (5th Cir. 1977) ....................................................................... 5

*Worms v. Rozhkov*,
    2021 WL 4124662 (S.D.N.Y. Sept. 9, 2021) .............................................. 4

## **Rules**

Rule 42(a) of the Federal Rules of Appellate Procedure ........................... 5, 6

Rule 8023 of the Federal Rules of Bankruptcy Procedure .......................... 3

**PRELIMINARY STATEMENT / BACKGROUND**

On January 16, 2025, the disgruntled former shareholders caused three unauthorized filings to be made on the docket in this action: (i) a Notice of Appearance by Anthony Charles Acampora purportedly on behalf of Eletson Holdings Inc. ("EHI") (Dkt. No. 22), (ii) a Notice of Appearance by Michael S. Lazaroff—former partner at Reed Smith LLP ("Reed Smith") as recently as April 2022—purportedly on behalf of EHI (Dkt. No. 23), and (iii) a Notice of Appeal purportedly on behalf of EHI, Eletson Finance (US) LLC and Agathonissos Finance LLC (Dkt. No. 24) (collectively, the "Unauthorized Filings"). Yet EHI has not retained Attorney Acampora, has not retained Attorney Lazaroff, and has not authorized either of them, or Reed Smith LLP ("Reed Smith")[2], to file a Notice of Appeal purportedly on behalf of EHI or its affiliates. *See* Declaration of Adam Warren Spears, ¶¶ 4-8.

Pursuant to the Court's "inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances,"[3] the Court should strike these Unauthorized Filings. It appears that the Unauthorized Filings are a continuation of a coordinated global strategy to interfere with implementation of EHI's confirmed Plan. The Unauthorized Filings, including the Notice of Appeal, are nothing more than the disgruntled former shareholders' latest effort to prolong these proceedings and muddy the waters to obscure, and prevent the effect of, Your Honor's orders and the orders of the Bankruptcy Court. This Court has both the authority and obligation to prevent such improper interference.

---

[2]    Indeed, as Reed Smith has acknowledged, its representation of EHI terminated on November 19, 2024 and it has never represented reorganized EHI. Bankr. Dkt. No. 1287.

[3]    *Nat. Res. Def. Council, Inc., v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 116 (S.D.N.Y. 2012) (internal quotations omitted).

## ARGUMENT

### I.    THE COURT SHOULD STRIKE THE UNAUTHORIZED FILINGS

The Court has the "inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." *Nat. Res. Def. Council, Inc., v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 116 (S.D.N.Y. 2012) (internal quotations omitted); *see also Penzo v. Consol. Edison Co. of New York, Inc.*, No. 1:19-CV-07478-MKV, 2024 WL 3824072, at *16 (S.D.N.Y. Aug. 15, 2024) (same); *Aasir Azzarmi V. Sedgwick Claims Management Services, Inc., et al.*, No. 20-CV-9155 (KMK), 2025 WL 35003, at *10 (S.D.N.Y. Jan. 6, 2025) (same).  The Court's "inherent authority" to strike "any filed paper" extends to non-pleadings.  *See, e.g.*, *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, No. 09 CIV. 2669 LAP, 2015 WL 4757601, at *5 (S.D.N.Y. Aug. 12, 2015) (granting motion to strike errata sheet pursuant to the court's "inherent authority").

Moreover, the filing of a notice of appeal does not divest the district court of jurisdiction if the notice of appeal is deficient, the appeal itself is frivolous, or if "considerations of judicial economy and efficiency favor the District Court's retention of jurisdiction." *Carroll v. Trump*, 88 F.4th 418, 433 (2d Cir. 2023); *Gortat v. Capala Bros.*, No. 07-CV-3629(ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008), *aff'd*, 568 F. App'x 78 (2d Cir. 2014) ("Ordinarily, an appeal divests a district court of jurisdiction.  An exception, however, applies where it is clear that the appeal is defective…); *United States v. Rodgers*, 101 F.3d 247, 251–52 (2d Cir. 1996) ("We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court the power to do nothing but dismiss the appeal.") (citing *Leonhard v. United States*, 633 F.2d 599, 610 (2d Cir. 1980) (same)); *United States v. Persico*, No. 10CR147S4SLT, 2012 WL 13122783, at *4 (E.D.N.Y. May 15,

2012) (a notice of appeal does not divest the district court of jurisdiction if the appeal is frivolous)

(citing *United States v. Salerno*, 868 F.2d 524, 539 (2d Cir. 1989)).

Here, there can be no doubt that the Notice of Appeal is deficient, the purported appeal is

frivolous, and "considerations of judicial economy and efficiency favor the District Court's

retention of jurisdiction." *Carroll*, 88 F.4th at 433. The Notice of Appeal was not authorized by

EHI or its affiliates.[4] To the extent that the Notice of Appeal is founded on the notion that Reed

Smith and/or Attorneys Acampora or Lazaroff have authority to act for EHI through individuals

who once were associated with the Debtors, this position violates prior rulings of this Court and

the Confirmation Order of the Bankruptcy Court. On December 23, 2024, this Court held a hearing

to determine, *inter alia*, whether it should enter as an order the *Stipulation and Agreement to*

*Dismiss Appeal Under Rule 8023 of the Federal Rules of Bankruptcy Procedure* which had been

filed on November 25, 2024 (the "Stipulation of Dismissal"). Dkt. No. 9. At the hearing, this

Court determined that it would enter an order approving the Stipulation of Dismissal and that the

case would be dismissed with prejudice. December 23, 2024, Transcript ("Tr."). The Court

subsequently entered an order endorsing the Stipulation of Dismissal on December 30, 2024 (the

"Order of Dismissal"). Dkt. No. 20.

Implicit in this Court's December 23, 2024 decision and subsequent Order of Dismissal

was the recognition that EHI has emerged from its chapter 11 bankruptcy proceeding, and that the

new board of directors of EHI is entitled to hire (and fire) counsel of its own choosing. The Court

recognized that this Goulston & Storrs PC, unlike Reed Smith, is now counsel for EHI in

---

[4] On November 19, 2024 (the effective date of the confirmed Plan), in accordance with Section 12.11 of the Plan and Paragraph 8 of the Confirmation Order, Eletson Finance (US) LLC and Agathonissos Finance LLC were deemed dissolved without further action under applicable law, regulation, order, or rule, such that the only remaining Appellant in this appeal is EHI.

3

connection with this action under the authority of the Plan (Bankr. Dkt. No. 1132) and

Confirmation Order (Bankr. Dkt. No. 1223), including the authority of the board of directors of

EHI. Dkt. No. 20. The Court definitively stated that Reed Smith lacked authority to speak or act

on behalf EHI. Tr. at 24:8-11 ("I'm certainly not going to permit briefing of the action when I've

got an order from the bankruptcy court that, on its face, says that your firm is terminated in terms

of the representation of [EHI]."). This Court recognized that the Confirmation Order "gives the

new board of Eleston, under [Section] 5.2 [of the Plan], the ability to act on behalf of Eleston . . .

." and held that this Appeal would be dismissed on this basis. Tr. at 31. Other than this Appeal,

no other appeal of the Confirmation Order is outstanding and the time to file an appeal of that

order has lapsed.

      Yet the disgruntled former shareholders do not accept the Plan or Your Honor's findings.

Rather than accept the reality that ***they are not EHI and cannot act on EHI's behalf***, the

disgruntled former shareholders are attempting to manufacture a further dispute as part of a

coordinated global strategy to interfere with implementation of EHI's confirmed Plan. As

previously noted, the disgruntled former shareholders (by and through Reed Smith, in conjunction

with foreign counsel) have attempted to use the pendency of this Appeal as a pretext to interfere

with and obstruct EHI's ability to manage its own affairs, including EHI's ability to pursue foreign

recognition proceedings (which are wholly unnecessary and contemplated only as a response to

the disgruntled former shareholders' obstructive conduct, which has caused additional damage to

EHI). *See* Dkt. No. 13. But the Unauthorized Filings, including the Notice of Appeal, are nothing

more than the disgruntled former shareholders' latest effort to obscure, and prevent the effect of,

Your Honor's orders and the unambiguous orders of the Bankruptcy Court. This is in

contravention of the express obligations of the disgruntled former shareholders (and Reed Smith)

under the Plan and Confirmation Order to facilitate, and not interfere with, implementation of the Plan. *See* Confirming Order (Bankr. Dkt. No. 1223) at ¶ 5(i), ¶ 12.

This Court has the authority to prevent such improper interference with its orders. *See e.g.*, *Nat. Res. Def. Council*, 884 F. Supp. 2d at 116; *see also Worms v. Rozhkov*, 2021 WL 4124662 at *2 (S.D.N.Y. Sept. 9, 2021) (Liman, U.S.D.J.) ("[F]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs *so as to achieve the orderly and expeditious disposition of cases*.'") (emphasis added), citing *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)), *aff'd sub nom. In re Markus*, 78 F.4th 554 (2d Cir. 2023); *SGM Holdings LLC v. Andrews*, 2024 WL 3674820 at *9 (S.D.N.Y. Aug. 2, 2024) (same). This inherent power extends to matters of attorney ethics before the Court. *See, e.g., United States v. Prevezon Holdings Ltd.*, 839 F.2d 227, 242 (2d Cir. 2016). This Court should exercise its inherent authority, strike these Unauthorized Filings, and prevent the disgruntled former shareholders from taking actions in direct defiance of orders of this Court.

## II.    THE COURT SHOULD DISMISS THE PURPORTED APPEAL

Alternatively, the Court should dismiss the purported appeal pursuant to Federal Rules of Appellate Procedure Rule 42(a) ("Rule 42(a)"). Rule 42(a) provides:

> (a) Dismissal in the District Court. Before an appeal has been docketed by the circuit clerk, the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties.

Here, the purported appeal of this Court's Order of Dismissal has not yet been docketed by the United States Court of Appeals for the Second Circuit. Therefore, pursuant to Rule 42(a), the Court is empowered to dismiss the purported appeal upon filing of a stipulation of dismissal signed by all parties or an appellant's motion for dismissal.

All parties to this matter have filed a stipulation of dismissal simultaneously with this Motion. Moreover, by this Motion, Appellant (joined by Appellees) seeks the alternative relief of an order dismissing the purported appeal as an unauthorized and deficient filing for the reasons set forth above.

The Court should grant this Motion made by Appellant pursuant to Rule 42(a) and dismiss the purported appeal. *See, e.g.*, *Williams v. United States*, 553 F.2d 420, 421 n.3 (5th Cir. 1977) (recognizing dismissal of appeal pursuant to appellants' Rule 42(a) motion filed prior to the circuit court's docketing of the appeal; "The appeal had not yet been docketed in the Fifth Circuit Court of Appeals, and so action by the district court was appropriate."); *Nolan v. Cabell*, No. 2:18CV552, 2021 WL 12321443, at *1 (E.D. Va. Sept. 14, 2021) (granting Rule 42(a) motion to dismiss appeal filed prior to circuit court's docketing of the appeal); *Johnson v. Adams*, No. CIV. 09-00002, 2010 WL 2926015, at *1 (E.D. Ark. July 21, 2010) (same).[5]

## III. THE COURT SHOULD ORDER THE DISPLACEMENT OF THE PURPORTED ATTORNEYS AS COUNSEL OF RECORD FOR EHI IN THIS MATTER

Finally, as it already did with Reed Smith, the Court should order the displacement of Attorney Acampora and Attorney Lazaroff as counsel of record to EHI (to the extent the Court ever recognizes them as such, which it should not). Local Civil Rule 1.4 provides:

> "An attorney who has appeared as attorney of record for a party may be relieved **or displaced** only **by order of the Court** and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." (Emphasis added).

---

[5] Appellant and Appellees reserve the right to assert additional defenses and/or assert any appropriate cross-appeals in the event the purported appeal is not dismissed.

As EHI has not retained either of these attorneys in connection with this matter (or in any capacity), to the extent a docket reflects that they are counsel of record to EHI, they should be displaced immediately.

## **CONCLUSION**

For the foregoing reasons, Appellant and Appellees respectfully make this joint request that the Court enter an order (I) pursuant to the Court's inherent authority, striking the Unauthorized Filings and requesting that the Second Circuit Court of Appeals give no consideration to the unauthorized Notice of Appeal, (II) pursuant to Federal Rules of Appellate Procedure Rule 42(a), dismissing the purported appeal of the Order of Dismissal (which was not authorized by Appellant), (III) pursuant to Local Civil Rule 1.4, displacing the purported attorneys (who are not authorized to represent Appellant), and/or (IV) granting such other and further relief as the Court deems just and proper.


Dated: January 20, 2025

/s/ Jennifer B. Furey
Jennifer B. Furey (admitted *pro hac vice*)
GOULSTON & STORRS PC
One Post Office Square, 28th Floor
Boston, MA 02109
jfurey@goulstonstorrs.com
Tel: (617) 574-3575

Nicholas Cutaia
GOULSTON & STORRS PC
730 Third Avenue, 12th Floor
New York, New York 10022
ncutaia@goulstonstorrs.com
Tel: (212) 878-5065

*Attorneys for Eletson Holdings Inc.*

Dated: January 20, 2025

/s/ Kyle J. Ortiz
Kyle J. Ortiz
Bryan M. Kotliar
Jared C. Borriello
TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
New York, NY 10119
kortiz@teamtogut.com
bkotliar@teamtogut.com
jborriello@teamtogut.com
Tel: (212) 594-5000

*Counsel to the Appellees Pach Shemen LLC, VR Global Partners, L.P., Alpine Partners (BVI), L.P., Gene B. Goldstein, In His Capacity as Trustee of the Gene B. Goldstein and Francine T. Goldstein Family Trust, Mark Millet, In His Capacity as Trustee of the Mark E. Millet Living Trust, Mark Millet, In His Capacity as Trustee of the Millet 2016 Irrevocable Trust, Robert Latter, Tracy Lee Gustafson, Jason Chamness, and Ron Pike*

**CERTIFICATE OF SERVICE**

I, Jennifer B. Furey, certify that on January 20, 2025, I caused the foregoing Memorandum to be filed with the Clerk of the Court and served on all counsel of record by electronic delivery via the ECF system.

/s/ Jennifer B. Furey
Jennifer B. Furey

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1(c)**

I, Jennifer B. Furey, certify that the foregoing Memorandum contains fewer than 8,750 words.  According to the word processing program used to prepare this Memorandum, it contains 2143 words.

/s/ Jennifer B. Furey
Jennifer B. Furey

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                      :
ELETSON HOLDINGS INC., et al.,          :          Chapter 11
                                                      :
                                                      :          Case No.: 24-cv-08672-LJL
                                Debtors,[1]          :                 [rel. 23-cv-07331-LJL;
                                                      :                 24-cv-05096-LJL]
-----------------------------------------------------------------x

**DECLARATION OF ADAM WARREN SPEARS IN CONNECTION**
**WITH JOINT MOTION OF APPELLANT AND APPELLEES**
**TO ENTER AN ORDER (I) STRIKNG THE UNAUTHORIZED FILINGS**
**(DKT. NOS. 22, 23 AND 24), (II) DISMISSING THE PURPORTED APPEAL, AND/OR**
**(III) ORDERING THE DISPLACEMENT OF THE PURPORTED ATTORNEYS**

I, Adam Warren Spears, hereby declare under penalty of perjury, pursuant to 28 U.S.C.

§ 1746, as follows:

1.      I am the Chief Executive Officer of Eletson Holdings, Inc. ("EHI") and am

familiar with its business operations, legal matters, and the facts set forth herein.

2.      I submit this declaration in support of the joint motion (the "Motion") of

Appellant and Appellees for an order (I) striking from the docket in this case the

Unauthorized Filings (as defined in the Memorandum), (II) dismissing the purported

appeal of this Court's Order of Dismissal (as defined in the Memorandum), and (III)

displacing the purported attorneys, filed contemporaneously herewith.

3.      This declaration is made based on my personal knowledge.

4.      EHI did not authorize the filing of any of the Unauthorized Filings.

5.      EHI has not retained Anthony Charles Acampora in connection with this action

(or in any capacity).

---

[1]      The Debtors in these chapter 11 cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and
Agathonissos Finance LLC.

6.      EHI has not retained Michael S. Lazaroff in connection with this action (or in any

capacity).

7.      Reed Smith no longer represents EHI in any capacity, in any matter.

8.      EHI has not authorized Atttorney Acampora, Attorney Lazaroff, or Reed Smith

LLP ("Reed Smith"), to file a Notice of Appeal purportedly on behalf of EHI or its

affiliates.

9.      EHI did not authorize the commencement of the Purported Appeal.

10.     EHI has not appealed, and does not intend to appeal, Your Honor's order

endorsing the Stipulation of Dismissal on December 30, 2024.  Dkt. No. 20.

11.     I understand that on November 19, 2024 (the effective date of the confirmed

Plan), in accordance with Section 12.11 of the Plan and Paragraph 8 of the Confirmation

Order, Eletson Finance (US) LLC and Agathonissos Finance LLC were deemed

dissolved without further action under applicable law, regulation, order, or rule, such that

the only remaining Appellant in this appeal is EHI.


I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.


Dated:  January 20, 2025
          Toronto, ON, Canada

                                        /s/ Adam Warren Spears
                                        Adam Warren Spears

## <u>CERTIFICATE OF SERVICE</u>

  I, Jennifer B. Furey, certify that on January 20, 2025, I caused the foregoing Declaration of Adam Warren Spears to be filed with the Clerk of the Court and served on all counsel of record by electronic delivery via the ECF system.


              */s/ Jennifer B. Furey*
              Jennifer B. Furey